**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIM. NO.   18-10270-RWZ** |
| | ) | |
| **ALLAH MALLORY** | ) | |

**MOTION *IN LIMINE* REGARDING INTRODUCTION OF JUDICIAL STATEMENTS**

The United States of America, by and through Assistant United States Attorney Michael J. Crowley, hereby moves to exclude the use or introduction of a prior judicial statement *potentially* concerning MSP Sgt. Stephen Johnson, a potential witness in this case.

**SGT. JOHNSON'S POTENTIAL TESTIMONY**

The government may call Sgt. Johnson to elicit the following testimony.   On July 9, 2018, Sgt. Johnson performed surveillance during the controlled buy.   Shortly following the buy, he drove down Milton Street past the house at 210 North Warren Street, which is at the corner of Milton (where the buy took place).   He saw the defendant, with whom he was familiar, in front of the house.

**BACKGROUND**

I.      **Judge Wolf's Statements**

On June 17, 2008, then Trooper Johnson testified in the case of *United States v. Nygell Jones*, Cr. No. 07-10339-MLW.   The case charged Jones with possession of a firearm.   During the attempt to arrest Jones, law enforcement used force, which the defendant claimed was excessive.   Tpr. Johnson and Tpr. Cameron both created use of force reports, which were similar.   Tpr. Johnson testified that he "independently wrote [his] report."

1

Jones was convicted and moved for a new trial, arguing that the witnesses were incredible. Judge Wolf denied the motion orally, finding that:

> "I don't believe that the two Massachusetts state police officers, Cameron and Johnson - - well, I believe that at least one of them was not truthful when they each testified that they didn't copy each other's report, and I have questions about whether anybody punched or kicked Mr. Jones. But at the moment, I don't believe that there was a miscarriage of justice in the jury's conclusion that he had a gun."

Later, Judge Wolf repeated that,

> "I do believe that at least one of the Massachusetts State Police Officers was not truthful. They both testified that neither copied the other's report. It's obvious that they did. They used the same words and had the same mistakes. I think that was obvious to the jury, too. But -- and they may not have been fully truthful about whether anybody unnecessarily punched or kicked Mr. Jones, but I think they did have to use some force to bring him down.

Judge Wolf never identified which witness he believed had been untruthful.

## **<u>ARGUMENT</u>**

The statements are only potentially relevant or useful as providing a basis for cross-examination of Sgt. Johnson under Federal Rule of Evidence 608(b). This Rule provides:

> Specific instances of the conduct of a witness, for the purposes of attacking or supporting the witness credibility … may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness ….

Courts have found that "Rule 608(b) allows cross examination on particular instances of conduct by the witness *if clearly probative of truthfulness or untruthfulness*." *Bonilla v. Yamaha Motors Corp.,* 955 F.2d 150, 154 (1st Cir. 1992) (emphasis added); *United States v. Tomblin,* 46 F.3d 1369, 1389 (5th Cir. 1995) ("'Rule 608 authorizes inquiry only into instances of misconduct that are "clearly probative of truthfulness or untruthfulness"'") (*quoting United States v. Leake*, 642 F.2d 715, 718-719 (4th Cir. 1981)); *United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013)

2

(evidence of agent discipline not admissible under Rule 608 (b) because the "agent's conduct is not clearly probative of truthfulness or untruthfulness."). Judge Wolf's statements, which could be damning, do not clearly pertain to Sgt. Johnson and thus are not clearly probative of untruthfulness based on the issues set forth above (the lack of a hearing and the internal inconsistency of the statements), and thus the questioned conduct cannot be the subject of cross-examination under Rule 608(b).

Even if the statements were considered to be "clearly probative" of untruthfulness, they cannot be explored during cross-examination of Sgt. Johnson in this case. In this regard, courts have repeatedly found that credibility determinations by judges[1] are inadmissible hearsay under Federal Rules of Evidence 802 and 608(b). *See, e.g., United States v. JeanPierre*, 636 F.3d 416, 423-24 (8th Cir. 2011); *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("We therefore agree with the Fourth, Tenth, and Eleventh Circuits that judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists."); *United States v. Lopez*, 944 F.2d 33, 37-38 (1st Cir. 1991); *United States v. Brik*, 2016 WL 3753080 at *3 (D.Minn. July 11, 2016) (precluding questioning about judicial credulity finding based on the above analysis); *Penree v. Watson*, 2017 WL 3437680 at *3 (N.D.N.Y. August 10, 2017) ("judicial findings of fact are inadmissible hearsay"). No such hearsay exception exists in this case. As noted by the Courts of Appeals in *JeanPierre* and *Sine*, the two potential hearsay exceptions: "'are limited to (1) prior judgments involving criminal

---

[1] As discussed above, Judge Wolf's findings do not arise to the level of a credibility finding as to Sgt. Johnson because they did not clearly identify Johnson, versus Cameron. Thus, in this case, there has not been a final credibility finding.

convictions subject to more than one year of imprisonment, Fed.R.Evid. 803(22), and (2) judgments used to provide 'proof of matters of personal, family, or general history, or boundaries,' *id*. 803(23).'" *JeanPierre*, 636 F.3d at 424 (quoting *Sine*, 493 F.3d at 1036-37). Neither exception applies in this case. Thus, the statements by Judge Wolf cannot come into evidence as they are inadmissible hearsay nor can defense counsel ask Sgt. Johnson about the hearsay statements. As a result, under Rule 403, there should be no evidence introduced as to the 2008 proceedings before Judge Wolf. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially out-weighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." In the case at hand, any probative value associated with the Wolf proceedings are substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The potential for confusing or misleading the jury would be especially high because Sgt. Johnson will be a minor, quick and largely corroborative witness. Any question to Sgt. Johnson relating to whether he deliberately testified falsely would be answered: "No." Given that Judge Wolf's statements cannot be introduced to impeach the agent, because they are inadmissible hearsay, the defense would have no viable means of potentially impeaching the agent. The jury would thus be left with an exchange in which the specter of the agent lying before a federal court was raised and not resolved in any final fashion either way. This situation would leave the jury to speculate why the question was asked, and could lead to confusion and misleading of the jury.

In similar circumstances, courts have limited any cross-examination regarding prior judicial findings involving the credibility of a witness. For example, the First Circuit, in *Lopez,*

affirmed a district court's preclusion of such questioning under Rules 608(b) and 403.  *See*

*Lopez*, 944 F.2d at 37-38.   The Court noted:

> Our review of the record indicates that the district court ... concluded that there was little utility in permitting the officer to be asked whether he had given untruthful testimony at the other trial, since no extrinsic evidence could be introduced to rebut his anticipated denial.   *See* Fed.R.Evid. 403 & 608(b). Moreover, while potentially probative of the trustworthiness of the officer's testimony, the credibility assessment made by the presiding judge at an unrelated trial would have entailed a grave risk that the jury may abnegate its exclusive responsibility to determine the credibility of the testimony given by the officer at the appellant's trial.

*Id*.; *see also Sine*, 493 F.3d at 1033-34 (excluding prior judicial credibility finding under Rule

403 as being to prejudicial); *United States v. Thompson*, 2011 WL 2446564 at * 2-3 (N.D. Iowa

June 15, 2011)[2]  (relying on the *Lopez* decision as "persuasive," the district court concluded that

the "evidence of Judge Koehler's assessment of Officer Denlinger's testimony in an unrelated

state case is inadmissible under Rules 608, 802, and 403").[3]

---

[2]      In *Thompson*, the district court stated that "the Court finds that such questioning [of an officer regarding a prior judicial credibility determination] would unduly confuse the issues in this case and would cause undue confusion. ...   In essence, the Defendant is seeking opinion evidence from a witness who will not be called or able to be cross-examined."   *Id*. The same is true here as to the findings of Judge Wolf.

[3]      In *United States v. Cruz*, 894 F.2d 41, 43 (2nd Cir 1990), the Second Circuit affirmed the district court's refusal, under Rule 608(b), to allow the defense counsel to offer or question a government witness about a transcript of his testimony in an unrelated sentencing hearing at which a different judge had found that the witness' testimony was not credible.   *Id*. at 43.   In affirming the denial of this line of questioning, the Second Circuit noted that the transcript from the unrelated matter "reflects only a finding that [the government witness] lacked credibility as to his testimony in that case, not that he was lacking in veracity generally" and that the subject matter of the witness's prior testimony was not relevant in any way to the issues in the case below.   *Id*.

In this case, as discussed above, it is remains unclear to whom Judge Wolf referred, which occurred over ten years ago.   As noted by the Seventh Circuit:

> The trial judge has a responsibility not to allow cross-examination to get out of hand, confuse the jury, and prolong a trial unnecessarily.   It would be one thing to ask a witness whether a judge or jury had disbelieved his testimony in the past if a pattern of dishonest testimony by the witness could be shown, and quite another to ask such a question when the witness had testified frequently and been disbelieved in only one case or ***where it was unclear whether and why the witness's testimony had been rejected***.   It would be within the district judge's discretion to permit the question in the first case and to forbid it in the second.

*United States v. Dawson*, 434 F.3d 956, 958 (7th Cir. 2006) (emphasis added).    Therefore, no examination of the agent should be allowed concerning the Wolf proceeding under Rules 608(b), 802 and 403.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   /s/ *Timothy E. Moran*
TIMOTHY E. MORAN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, Timothy E. Moran, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ Timothy E. Moran*
TIMOTHY E. MORAN
Assistant U.S. Attorney

Date: November 4, 2019